UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEGHAN RAINA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1006-SDD-SDJ** |
| **LOUISIANA COMMITTEE ON BAR ADMISSIONS** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 12, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEGHAN RAINA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1006-SDD-SDJ** |
| **LOUISIANA COMMITTEE ON BAR ADMISSIONS** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 9, 2022, Plaintiff filed this action alleging Defendant, the Louisiana Committee on Bar Admissions (COBA), discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and also violated the Fair Credit Reporting Act. (R. Doc. 1).[1] The record indicates that Plaintiff has unsuccessfully sought admission to the Louisiana State Bar since at least 2015. After sitting for the bar exam multiple times, COBA eventually questioned Plaintiff's character and fitness to practice as an attorney in 2019, following an incident at the hotel where she stayed during the July 2017 bar exam. (R. Doc. 13-1 at 4). Ultimately, COBA denied Plaintiff admission to the Louisiana Bar in early 2020, informing her that she would "never again be permitted to apply for admission to the Louisiana State Bar" (R. Doc. 4-2 at 55).

In her Complaint, she alleges COBA failed to "comply with the statutory guidelines of Title VII . . . by utilizing disparate treatment which imposed unnecessary burdens during the employment process" and that "several violative actions were committed under the [FCRA] which

---

[1] Although Plaintiff is herself a graduate of law school, she is proceeding without the assistance of counsel.

requires employers to ensure that potential candidates have the right to correct/dispute any inaccuracies contained in their background report" and "be granted a meaningful opportunity to be heard before [an] adverse action" is taken. (R. Doc. 1 at 5).

In response to her Complaint, COBA filed the instant Motion to Dismiss, or in the alternative, Motion to Transfer Venue (R. Doc. 4). Because the Motion was filed on March 21, 2023, and served on Plaintiff by mail, Plaintiff had until April 14, 2023 to file her response. The Court has reviewed Plaintiff's timely[2] response (R. Doc. 18) (opposition to transfer of venue), as well as COBA's Reply Memorandum (R. Doc. 29). The Court may now appropriately consider COBA's Motion, beginning with its alternative request for relief — a transfer of venue to the Eastern District of Louisiana.

### A.     Transfer of Venue

While Plaintiff appears to live in Baton Rouge, in reviewing her Complaint (R. Doc. 1) and the documents filed in the record (R. Docs. 4, 9), most if not all of the conduct at issue occurred in the New Orleans-Metairie Metro Area,[3] which is in the Eastern District of Louisiana. *See* 28 U.S.C. § 98. For example, Plaintiff sat for the February 2020 bar exam at the Pontchartrain Convention Center in Kenner, Louisiana. (R. Doc. 4-2). Plaintiff viewed her answers and results for the February 2020 bar exam at Defendant's office in Metairie. (R. Doc. 4-2 at 56). And Plaintiff

---

[2] When asked by Defendant, Plaintiff would not consent to service by email. (R. Doc. 9-5 at 2-3). And so, she was served with a hard copy of the Motion to Dismiss or Transfer (R. Doc. 4) by mail on March 21, 2023, making her response due by April 14, 2023. *See* FRCP 5(b)(2)(C) (service by mail complete upon mailing); FRCP 5(b)(2)(E) (must consent in writing to email); FRCP 6(a) (calculating deadline - days); FRCP 6(d) (add 3 days for service by mail); LR 7(f) (21-day response time). Plaintiff timely filed her Opposition (R. Doc. 18) on April 11, 2023.

[3] The U.S. Bureau of Labor Statistics defines the New Orleans-Metairie Metropolitan Area to include New Orleans, Metairie, and Kenner, among other cities. *See* Metropolitan and Nonmetropolitan Area Definitions (May 2022) (Available at: https://www.bls.gov/oes/current/msa_def.htm#35380).

petitioned the Louisiana Supreme Court in New Orleans regarding her admission to the bar. (R. Doc. 4-2).[4]

Indeed, the only connection this case has to the Middle District of Louisiana is that Plaintiff resides in Baton Rouge. Given this, the Court now considers whether venue should be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

### i. Proper Venue for Title VII Claim

In a case alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), venue is appropriate:

> [I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3). While Plaintiff's Title VII claim was permissibly filed in this district, *see E.E.O.C. v. Jack of All Trades Pers. Servs., Inc.*, 2004 WL 1217943, at *2 (N.D. Tex. June 1, 2004) (venue is not improper in the Northern District of Texas because . . . the EEOC alleges that JOAT committed unlawful employment practices in Texas"), the Eastern District of Louisiana is also a proper venue, and one that is more convenient in terms of trial and discovery. This is because the conduct at issue occurred Metairie, Kenner, and New Orleans, Defendant is located in Metairie, and the vast majority of the witnesses are seemingly located in the New Orleans-Metairie Metropolitan Area, which is part of the Eastern District of Louisiana. *See E.E.O.C. v. Jack of All Trades Pers. Servs., Inc.*, 2004 WL 1217943, at *2 (transferring Title VII claim to Western District pursuant to § 1404(a); transfer would be more convenient for parties and witnesses and serve the

---

[4] The Court discusses all of the alleged events, and where they occurred, in greater detail later on in this Report and Recommendation.

interests of justice where defendant's only office, the relevant records and most witnesses were located in Western District).

Moreover, while venue is technically proper in the Middle District as to the Title VII claim, this does not mean venue is necessarily proper as to Plaintiff's remaining claim under the Fair Credit Reporting Act. "Rather, this Court must make an independent analysis to determine whether venue is proper" as to the FCRA claim, as well. *Lomanno v. Black*, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2003) (transferring cause of action although venue was proper under Title VII, as it was not proper for tort claims whose venue was governed by 28 U.S.C. § 1391).

  ii.  **Proper Venue for FCRA Claim**

The Fair Credit Reporting Act, 15 U.S.C. § 1681p, grants exclusive subject matter jurisdiction to federal courts. "Thus, venue for FCRA actions is established under the general venue rules found in 28 U.S.C. § 1391(b)." *Faulhaber v. Equifax Info. Serv., LLC*, 2021 WL 5140791, at *3 (E.D. Tex. Nov. 4, 2021). Relevant here, Section 1391(b) provides that a civil action may be brought in a judicial district in which (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" or one in which (2) "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). What's more, if a case involves "multiple claims, venue must be proper for each claim." *Neizil v. Williams*, 543 F. Supp. 899, 904 (M.D. Fla. 1982); *see also Jones v. Trump*, 919 F. Supp. 583, 587 (D. Conn. 1996) ("Venue must be proper for each claim."); *Curran v. Spyder*, 2014 WL 4672457, at *4 (M.D. Pa. Sept. 18, 2014) ("Last, in a case such as this one, involving multiple claims, venue must be proper for each claim, in order for each claim to proceed."). As the Court explains below, the only proper venue for Plaintiff's FCRA claim is the Eastern District of Louisiana. And so, Plaintiff's FCRA claim must either be dismissed or transferred to the Eastern District pursuant to 28 U.S.C. § 1406.

First, the only Defendant, the Committee on Bar Admissions, is located in Metairie, Louisiana. *See* 28 U.S.C. § 1391(b)(1) (venue is proper in a "judicial district where any defendant resides, if all defendants are residents of the State"). Metairie is within the Eastern District of Louisiana. Therefore, venue is improper under section 1391(b)(1), and the Court must now consider whether venue may lie in this district pursuant to section 1391(b)(2) (venue is proper in the district where "a substantial part of the events or omissions giving rise to the claim occurred").

In assessing whether events or omissions giving rise to the plaintiff's claims are substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, section 1391(b)(2) "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial, and that substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Curran v. Spyder*, 2014 WL 4672457, at *5 (M.D. Pa. Sept. 18, 2014); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (noting that the purpose of the venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial").

As the Court has already explained, nearly all of the conduct alleged by Plaintiff in her own Complaint occurred in New Orleans, Metairie, or Kenner, all of which are located in the Eastern District of Louisiana. To reiterate, Plaintiff sat for the February 2020 bar exam at the Pontchartrain Convention Center in Kenner, Louisiana. (R. Doc. 4-2). Plaintiff viewed her answers and results for the February 2020 bar exam at COBA's office in Metairie. (R. Doc. 4-2 at 56). All decisions regarding Plaintiff's character and fitness and her ability to sit for the bar exam were made by COBA at its office in Metairie. All correspondence was sent from COBA's office in Metairie. (R. Doc. 4-2). Plaintiff petitioned the Louisiana Supreme Court in New Orleans regarding her

admission to the bar. (R. Doc. 4-2). And the hotel stay that prompted COBA's alleged inquiry into Plaintiff's character and fitness occurred in the Eastern District of Louisiana. And so, a substantial part, if not all, of the claimed events occurred in the Eastern District.

Indeed, the only connection this litigation has to the Middle District of Louisiana is that this is the district in which Plaintiff resides. "But under the plain language of the statute, a plaintiff's residence makes no difference." *Ford-Reyes v. Progressive Funeral Home*, 418 F. Supp. 3d 286, 290 (N.D. Ill. 2019). The text refers to the judicial district "in which any *defendant* resides," and a reference to the plaintiff's residence is nowhere to be seen. *See* 28 U.S.C. § 1391(b)(1) (emphasis added). "Simply put, when it comes to venue, the plaintiff's residence counts for nothing." *Ford-Reyes*, 418 F. Supp. 3d at 290; *see also* Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3805 (4th ed. 2019) ("[T]he residence of the plaintiff is irrelevant under Section 1391."). All that matters is where there "events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

It is not enough that because Plaintiff resides in the Middle District, she obviously felt the effects of Defendant's alleged conduct here — where she lives. *See Nuttall v. Juarez*, 984 F. Supp. 2d 637, 646 (N.D. Tex. 2013) ("The fact that Plaintiff may have felt the effects of any alleged defamatory statement in the Northern District because he resides in this district is insufficient to establish that venue is proper here."). "[S]uffering economic harm within a district is not by itself sufficient to warrant transactional venue there [under § 1391(b)(2)]. . . . [O]therwise venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute in 1990." *ENTU Auto Servs., Inc. v. PicMyRide.Biz, LLC*, 2015 WL 1638179, at *4 (E.D. La. Apr. 13, 2015). And so, the Court finds Plaintiff's FCRA claim has minimal, if any, connection with this forum. Instead, a substantial part, if not all, of the events

giving rise to the claim occurred in the Eastern District of Louisiana.[5] Therefore, venue is improper in the Middle District of Louisiana as to Plaintiff's FCRA claim. The only proper venue for Plaintiff's FCRA claim is the Eastern District of Louisiana.

      **B.**      **Transfer of Venue to the Eastern District of Louisiana**

Because venue is not proper as to Plaintiff's FCRA claim, § 1406(a) mandates that the Court either dismiss the claim, "or if it be in the interest of justice, transfer [that] [claim] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under the circumstances, the Court does not believe dismissal based on improper venue would serve the interests of justice.

First, although Plaintiff is a graduate of law school and her filings indicate her knowledge of the law, she is nonetheless proceeding without the assistance of counsel. Moreover, this case is in its infancy — Plaintiff has not sought to amend the Complaint, nor has she been given an opportunity to amend, there is a request for a Rule 12(b) dismissal pending,[6] and discovery has not yet begun. Therefore, dismissal at this stage of a pro se Complaint, based solely on improper venue, would not serve the interest of justice, especially given that the Eastern District of Louisiana is a proper venue for all of Plaintiff's asserted claims. Moreover, Defendant has not requested dismissal based on improper venue, but a transfer of the cause of action to the Eastern District of Louisiana instead. As such, the Court finds the interests of justice are best served by transfer of

---

[5] Although the general venue provision found in 28 U.S.C. § 1391 does not apply to Title VII claims, the Court must still point out that Plaintiff alleges the same facts with respect to both her Title VII and FCRA claims. And so, there are not additional allegations related to only the Title VII claim. In other words, there are not additional allegations of events occurring outside of the Eastern District of Louisiana.

[6] Indeed, the Motion currently before the Court seeks dismissal, or in the alternative, a transfer to the Eastern District of Louisiana. The Court here does not consider the portion of Defendant's Motion seeking dismissal for failure to state a claim. If this Report and Recommendation is adopted, it will then be for the Eastern District of Louisiana to determine whether to rule on the current Motion's alternative request for dismissal or whether a new motion is necessary.

the FCRA claim to a proper venue, the Eastern District of Louisiana, as opposed to dismissal. *See* 28 U.S.C. § 1406(a).[7]

The Court will likewise transfer the Title VII claim pursuant to section 1404(a) (transfer from one district where venue is proper to another district of proper venue). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of this section is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).[8]

---

[7] "In actions involving . . . multiple claims, the plaintiff must establish that venue is proper . . . as to each claim." *Collins v. Doe*, 2012 WL 1414246, at *3 (S.D. Tex. Apr. 23, 2012). Courts have, in some cases, exercised "pendant" venue even where venue is not proper as to each claim. *See Head v. Delta Airlines, Inc.*, 2011 WL 13383915, at *1 (N.D. Ill. Feb. 7, 2011) (collecting cases and declining to apply pendant venue). This practice is neither authorized nor expressly forbidden by the relevant venue statute, 28 U.S.C. § 1391. The Court need not decide in this case whether pendant venue is permissible because at least one other district, the Eastern District of Louisiana, is a proper venue for all claims asserted against COBA and a more convenient forum. The events alleged by Plaintiff all occurred in the Eastern District, COBA's office is located there, as are most of the fact witnesses and evidence relevant to Plaintiff's claims.

[8] In her Opposition, Plaintiff puts a great deal of emphasis on her choice of forum, suggesting this factor's "historical significance" outweighs most other considerations. (R. Doc. 18 at 4). "Although a plaintiff's choice of forum is a factor to consider in determining venue, the plaintiff's choice of forum must be one which is permitted under the relevant venue statute." *E.E.O.C. v. Jack of All Trades Pers. Servs., Inc.*, 2004 WL 1217943, at *1 (N.D. Tex. June 1, 2004). Here, Plaintiff's choice of forum is not permitted under 28 U.S.C. § 1391(b) for her FCRA claim.

But in any situation, "the deference given to the plaintiff's choice is proportionate to the relation between the forum and the cause of action." *Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004). As the Court has already explained, most if not all of the conduct alleged in the Complaint occurred in Metairie, New Orleans, and Kenner, which are all part of the Easter District. And so, Plaintiff's choice of forum is afforded little deference under the circumstances of this case.

As the Court has already explained, a substantial part, if not all, of the alleged events occurred in the Eastern District of Louisiana. Moreover, the vast majority of the evidence and witnesses are located in the Eastern District, as well. *See Stone v. Allied Indus. Supply, LLC*, 2023 WL 2808164, at *6 (D.N.J. Apr. 6, 2023) ("While Plaintiff resides in New Jersey, the burden for him to appear and litigate in Michigan is outweighed by the comparative burden in having Defendant's corporate representative(s) and employee-witnesses litigate and appear in New Jersey.").

Although Plaintiff objects to transferring this litigation to Eastern District of Louisiana,[9] the "alternative to transferring this case in its entirety is either (1) dismissing the claims for which venue in this district is improper, or (2) severing these claims and transferring them to a proper venue. Either of these courses would work hardship on plaintiff." *Jones v. Trump*, 919 F. Supp. 583, 589 (D. Conn. 1996). Severing the FCRA claim would force Plaintiff to endure the expense and duplication of litigating claims against COBA in different venues. And because those claims are seemingly based on the same underlying facts, this would certainly result in a duplication of discovery efforts and resources.

Therefore, for the convenience of parties and witnesses, and in the interest of justice, the Court should also transfer the Title VII claim to the Eastern District of Louisiana pursuant to § 1404(a). *See Lomanno v. Black*, 285 F. Supp. 2d 637, 643 (E.D. Pa. 2003) (plaintiff brought both tort and Title VII claims; because district was improper venue for tort claims, court would transfer under § 1406; transfer of Title VII claim under § 1404 was also appropriate because "if the Title VII claim proceeds within this District, the Court will have to sever the two tort claims brought

---

[9] To be clear, because the Eastern District of Louisiana is the only proper venue for Plaintiff's FCRA claim, Plaintiff must litigate at least one of her claims in the Eastern District. By transferring the entire litigation, she at least avoids litigating two cases in two district courts.

against the Individual Defendants."); *Lewis v. Zon*, 614 F. Supp. 2d 362, 364 (W.D.N.Y. 2009) ("In sum, trial of the plaintiff's claims in a single forum, rather than the three different fora proposed by the movants, will promote judicial economy and vitiate the need to engage in duplicative discovery and re-litigate many of plaintiff's claims."); *Jones v. Trump*, 919 F. Supp. 583, 589 (D. Conn. 1996) (transferring properly venued claims instead of severing improperly venued claims and requiring plaintiff to proceed with two separate actions in separate courts).

    **B.    CONCLUSION**

The Court has conducted a claim-specific analysis as to whether venue is proper for each of the claims asserted by Plaintiff. As for the FCRA claim, the Court finds that venue is improper within this District. And pursuant to § 1406(a), the Court recommends that the FRCA claim be transferred to the United States District Court for the Eastern District of Louisiana. Turning to Plaintiff's Title VII claim, the Court finds that venue is proper in this District, but that venue would be proper in the Eastern District, as well. Under the circumstances, the Court finds the interests of justice as well as convenience are better served in the Eastern District of Louisiana than in this District. Pursuant to § 1404(a), the Court recommends that Plaintiff's Title VII claim be transferred to the Eastern District of Louisiana, as well. Therefore,

**IT IS RECOMMENDED** that COBA's Motion to Dismiss, or in the alternative, Motion to Transfer Venue (R. Doc. 4) be **GRANTED**, but only to the **extent** COBA's seeks a **transfer** of **venue** to the Eastern District of Louisiana. The Court did not consider Defendant's alternative request for relief — a Rule 12(b)(6) dismissal of Plaintiff's Title VII and FCRA claims for failure to state a claim — and makes no findings or recommendations beyond the transfer of venue.

And so, the Court **RECOMMENDS** that this case be **transferred** in its **entirety** to the United States District Court for the **Eastern District of Louisiana** pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a).

If the district judge adopts this Report and Recommendation, the Clerk of Court should then **transfer** the **entire docket**, including all pending Motions (R. Doc. 4) (COBA's Motion to Dismiss -- alternative request for dismissal still pending); (R. Doc. 8) (Plaintiff's Motion for Status Conference); (R. Doc. 9) (Plaintiff's Motion to Disqualify Opposing Counsel); (R. Doc. 10) (COBA's ex parte Motion to Substitute Counsel); (R. Doc. 12) (Plaintiff's Motion to Unseal Records), to the **Eastern District of Louisiana**.

Signed in Baton Rouge, Louisiana, on May 12, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**